UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
5:20-cv-00296-M

| | |
|---|---|
| SANDRA L. GRANT, on behalf of herself and others similarly situated; <br><br> Plaintiff, <br><br> v. <br><br> ERIK HOOKS, Secretary of the North Carolina Department of Public Safety, in his official and individual capacities; <br><br> Defendant. | **SECOND AMENDED COMPLAINT** |

COMES NOW SANDRA L. GRANT, on behalf of herself and others similarly situated, by and through undersigned counsel, named Plaintiff in the above-captioned case, and does hereby allege and complain of Defendant as follows:

## I. Introduction

1. Under North Carolina law, at the time a person is convicted of an offense requiring registration as a sex offender (a "reportable conviction" as defined by N.C.G.S. § 14-208.6(4)), a Court must determine whether that person is subject to satellite-based monitoring pursuant to N.C.G.S. § 14-

1

208.40(a) et seq. *See* N.C.G.S. § 14-208.40 – 45 (establishing the North Carolina satellite-based monitoring program).

2. Pursuant to N.C.G.S. §§ 14-208.40A(c) and 14-208.40B(c), if the convicted individual is a "recidivist" as defined by N.C.G.S. § 14-208.6(2b), then the court shall order that the individual be placed on satellite-based monitoring for life.

3. However, in August 2019 the North Carolina Supreme Court considered the constitutionality of N.C.G.S. §§ 14-208.40A(c) and 14-208.40B(c). *State v. Grady*, 372 N.C. 509, 831 S.E.2d 542 (2019).

4. The *Grady* Court noted that North Carolina's satellite-based monitoring program covers three categories of people: "(1) offenders on parole or probation who are subject to state supervision, (2) unsupervised offenders who remain under [satellite-based monitoring] by court order for a number of months or years, and (3) unsupervised offenders subject to [satellite-based monitoring] for life[.]" *Id.* at 511, 546.

5. The *Grady* Court refers to these categories as the *Bowditch* categories. *Id.*, citing *State v. Bowditch*, 364 N.C. 335, 338, 700 S.E.2d 1, 3 (2010).

6. The *Grady* Court then held that imposition of lifetime satellite-based monitoring of persons not otherwise on probation, parole, or supervised release and based solely upon a finding that an individual is a "recidivist" as

defined by N.C.G.S. § 14-208.6(2b) is an unconstitutional search in violation of the Fourth Amendment of the United States Constitution. *Id.* at 511, 547.

7. Specifically, the Court held that "the relevant portions of N.C.G.S. §§ 14-208.40A(c) and 14-208.40B(c) are unconstitutional as applied to all individuals who . . . are in the third *Bowditch* category and who are subject to mandatory lifetime [satellite-based monitoring] based solely on their status as a 'recidivist[.]'" *Id.*

8. The *Grady* Court enjoined imposition of satellite-based monitoring on these individuals. *Id.* at 550, 571.

9. Ms. Grant, the named Plaintiff, and the other members of the class as defined herein, are individuals in the third *Bowditch* category who are subject to lifetime satellite-based monitoring based solely on their status as a recidivist – that is, upon application of the portions of N.C.G.S. §§ 14-208.40A(c) and 14-208.40B(c) declared unconstitutional and enjoined by *State v. Grady*.

10. After filing of this suit and in direct response to this suit, Defendant ceased satellite-based monitoring of the named Plaintiff – Ms. Grant.

11. However, given the Defendant's continued monitoring of the remaining class members, Defendant's conduct is capable of repetition and avoiding review.

12. Despite the Court's ruling and injunction in *Grady*, Defendant continues to impose satellite-based monitoring upon the other class members.

13. The continued imposition of satellite-based monitoring upon the other class members is in violation of a valid injunction by a court with jurisdiction over the Defendant and is a violation of a clearly established constitutional right.

## II. Jurisdiction and Venue

14. This action is brought under Article 1, Section 20 of the North Carolina State Constitution and the common law of the State of North Carolina.

15. The declaratory and injunctive relief sought is authorized by N.C.G.S. § 1-253, North Carolina Rules of Civil Procedure 57 and 65, and by the legal and equitable powers of the Court.

16. The damages sought are authorized by the common law of the State of North Carolina.

17. As shown below, venue is appropriate in Wake County, North Carolina pursuant to N.C.G.S. §§ 1-79 and 1-82.

## III. Parties

18. Defendant Erik Hooks is the Secretary of the North Carolina Department of Public Safety (NCDPS).

19. He is the state official responsible for the conduct and functions of the NCDPS.

20. The Division of Adult Corrections and Juvenile Justice (DACJJ) is an administrative subdivision of the NCDPS.

21. The DACJJ is under the direct control of Defendant Hooks.

22. The DACJJ oversees and conducts the North Carolina satellite-based monitoring program.

23. Mr. Hooks is sued in both his official and individual capacities.

24. Both NCDPS and NACJJ are headquartered in Wake County, North Carolina.

25. By information and belief, Mr. Hooks is a resident of Wake County, North Carolina.

26. Plaintiff Sandra L. Grant is an individual who was subjected to satellite-based monitoring pursuant to N.C.G.S. §§ 14-208.40A(c) based solely upon determination that she is a recidivist as defined by N.C.G.S. § 14-202.6(2b).

27. Ms. Grant is not on probation, parole, or supervised release.

28. Ms. Grant resides in Davidson County, North Carolina.

## IV. Class Representation Allegations

29. Pursuant to N.C. Rule Civ. Proc. 23, this action is brought on behalf of all members of the class as defined below.

30. The class consists of all persons not currently subject to probation, parole, or post-release supervision who are currently required to submit to lifetime satellite-based monitoring pursuant to N.C.G.S. §§ 14-208.40A(c) and 14-208.40B(c) based solely on the finding that they are a "recidivist" and without findings that they were convicted of an aggravated offense or that they are a sexually violent predator or an adult convicted of statutory rape or statutory sex offense with a victim under the age of thirteen.

31. Continued satellite-based monitoring of these persons is an unconstitutional search as found by the North Carolina Supreme Court in *State v. Grady*, 372 N.C. 509, 551 (2019).

32. The North Carolina Supreme Court has enjoined continued satellite-based monitoring of these persons.

33. By information and belief, this class is so numerous that joinder is impractical.

34. By information and belief, there are approximately one hundred and fifty (150) persons in this class.

35. The common questions of law and fact common to the class members predominate over issues affecting only individual class members.

36. Each member brings a common claim: Defendant's imposition of satellite-based monitoring is an unreasonable search in violation of Article 1, Section 20 of the North Carolina Constitution.

37. Plaintiff Sandra L. Grant, the Class Representative, brings a claim typical of the claims of the class.

38. Plaintiff Sandra L. Grant will fairly and adequately protect the interests of the class.

39. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

40. There is no conflict of interest between Plaintiff Sandra L. Grant and the other class members.

41. Defendant has acted or refused to act on grounds that apply generally to the class, so final injunctive relief and corresponding declaratory relief is appropriate respecting the class as a whole.

42. The damages suffered by each class member are substantially similar for each class member or are able to be calculated according to a formula applicable to all class members.

## V. Statement of Facts

43. For each person convicted in North Carolina of a criminal offense requiring registration as a sex offender, the sentencing court completes form AOC-CR-615 ("Judicial Findings and Order for Sex Offenders – Active Punishment").

44. On this form, the Court makes findings of fact, specifically including whether or not the offender is subject to satellite-based monitoring, the

7

length of time the offender is subject to satellite-based monitoring, and the basis or bases for imposing satellite-based monitoring.

45. This form contains all findings of fact made by the court with respect to the imposition of satellite-based monitoring.

46. This form clearly indicates whether the sole basis for imposing satellite-based monitoring is that the offender is a "recidivist" as defined by N.C.G.S. § 14-208.6(2b).

47. By information and belief, a copy of this form (or its substantial equivalent containing the relevant information) is transmitted to the NCDPS along with other relevant records of the criminal conviction at or before satellite-based monitoring of the individual begins. *See* N.C.G.S. §§ 148-74 and 148-76.

48. NCDPS, through its administrative subdivisions, administers probation, parole, and post-release supervision for all persons subject to probation, parole, or post-release supervision in North Carolina.

49. NCDPS knows what individuals are currently subject to probation, parole, or post-release supervision in North Carolina.

50. Accordingly, NCDPS knows what individuals are members of the class as defined in Paragraph 34 above.

51. In the alternative, NCDPS should reasonably know what individuals are members of the class as defined in Paragraph 34 above.

8

52. By information and belief, NCDPS has reviewed its records and has compiled lists of those persons that are members of the class as defined in Paragraph 34 above.

53. However, NCDPS has continued to impose satellite-based monitoring on Sandra Grant and the other members of the class.

## VI. Causes of Action

### B. Article 1, Section 20 of the North Carolina Constitution

#### 1. Defendant Erik Hooks in his official capacity.

54. All preceding paragraphs are incorporated herein by reference.

55. With regard to the named Plaintiff and each of the class members, Defendant Erik Hooks, in his official capacity, is currently conducting a "search" within the meaning of Article 1, Section 20 of the North Carolina Constitution.

56. This search is being conducted on the named Plaintiff and the other class members.

57. Plaintiff, on behalf of herself and the other class members seeks declaratory relief and that an injunction issue against Defendant Erik Hooks in his official capacity ordering him to cease satellite-based monitoring of the named Plaintiff and the other class members unless and until a court of competent jurisdiction finds that satellite-based monitoring can be imposed

on the class member consistent with the Article 1, Section 20 of the North Carolina State Constitution.

**2. Defendant Erik Hooks in his individual capacity.**

58. All preceding paragraphs are incorporated herein by reference.

59. With regard to the named Plaintiff and each of the class members, Defendant Erik Hooks, in his individual capacity, is currently conducting a "search" within the meaning of the within the meaning of Article 1, Section 20 of the North Carolina Constitution.

60. This search is being conducted on the named Plaintiff and the other class members.

61. This search is unreasonable and in violation of an injunction issued by a court with jurisdiction over Mr. Hooks.

62. This search is in violation of clearly established law.

63. A reasonable person, including Mr. Hooks, would know that this search is in violation of clearly established law.

64. Plaintiff, on behalf of herself and the other class members seeks declaratory relief and requests that an injunction issue against Defendant Erik Hooks, in his individual capacity, ordering him to cease satellite-based monitoring of the named Plaintiff and the other class members unless and until a court of competent jurisdiction finds that satellite-based monitoring

can be imposed on the class member consistent with Article 1, Section 20 of the North Carolina Constitution.

65. Plaintiff, on behalf of herself and the other class members seeks damages from Defendant Erik Hooks in his individual capacity for violating the clearly established constitutional right of persons not under probation, parole, or post-release supervision to be free from satellite-based monitoring imposed solely under the portions of N.C.G.S. §§ 14-208.40A(c) and 14-208.40B(c) declared unconstitutional by the North Carolina Supreme Court in *State v. Grady*, 372 N.C. 509, 831 S.E.2d 542 (2019).

WHEREFORE, Plaintiff, on behalf of herself and others similarly situated, prays the Court:

1) For a declaratory judgment that continued imposition of satellite-based monitoring upon the class members is in violation of their rights under Article 1, Section 20 of the North Carolina State Constitution.

2) For an Order directing Defendant Erik Hooks, in his official and individual capacities, to immediately cease satellite-based monitoring of the class members and to immediately remove from their persons the equipment used to conduct satellite-based monitoring.

3) For an award of damages against Defendant Erik Hooks, in his individual capacity, in an amount greater than Twenty-Five Thousand dollars ($25,000.00);

4) For attorney's fees pursuant to any applicable statute or the common law of the State of North Carolina.

5) For costs of this action; and

6) For any and all such other relief as may be just and equitable.

This is the 29th day of September, 2020.

/s/ *Paul M. Dubbeling*
Paul M. Dubbeling
P.M. Dubbeling, PLLC
210 North Columbia Street
Chapel Hill, NC 27514
(919) 635-6005 Telephone
(919) 404-7074 Facsimile
paul.dubbeling@pmdubbeling.com
NC Bar # 47014
Attorney for Plaintiff

<u>Certificate of Service</u>

      I hereby certify that on this 24th day of September, 2020, a copy of the attached **SECOND AMENDED COMPLAINT** was filed with the Court using the CM/ECF system which will send notice to all Parties of record.

<u>/s/ *Paul M. Dubbeling*</u>
Paul M. Dubbeling
210 North Columbia Street
Chapel Hill, NC 27514
(919) 635-6005 Telephone
(919) 245-0099 Facsimile
paul.dubbeling@pmdubbeling.com
NC Bar # 47014
*Attorney for Plaintiff*